```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
MOHAMMED MUHIBUR RAHMAN,            :
individually and on behalf of all   :
others similarly situated,          :  06 Civ. 6198 (LAK) (JCF)
                                    :
              Plaintiff,             :
                                    :
     - against -                    :  MEMORANDUM
                                    :  AND  ORDER
THE SMITH & WOLLENSKY RESTAURANT    :
GROUP, INC., SMITH & WOLLENSKY      :
OPERATING CORP., and PARK AVENUE    :
CAFÉ,                               :
                                    :
              Defendants.           :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

Disputes over discovery sanctions threaten to overshadow the merits of this employment discrimination case. The current controversy concerns the amount of attorneys' fees that the plaintiff may recover as a sanction for violating the Order of the Honorable Lewis A. Kaplan, U.S.D.J., dated December 13, 2006 (the "December 13 Order"). A brief review of the history of this issue is in order.

Background

As Judge Kaplan previously determined, the "[d]efendants simply ignored plaintiff's initial document request." (Order dated July 18, 2007 (the "July 18 Order") at 2). The plaintiff moved to compel production, and Judge Kaplan granted that motion in an Order dated December 1, 2006, directing that all requested documents be produced by December 8. (Order dated Dec. 1, 2006). When the

1

defendants did not comply by close of business on December 8, the plaintiff filed a motion for sanctions at 5:55 p.m. on that day. (December 13 Order at 1). As it turned out, the defendants had on that same day sent a response to the document request and had also filed the response electronically. (December 13 Order at 1). Nevertheless, the plaintiff argued that the response was inadequate because the defendants asserted objections and withheld certain documents on grounds of privilege but did not provide a privilege log. Judge Kaplan agreed. He ruled that the defendants had waived all objections by initially failing to serve a timely response, and he required them to "produce <u>all</u> of the documents requested by plaintiff no later than December 20, 2006 absent [which] defendants shall be precluded from contesting liability in this action." (December 13 Order at 2).

When the defendants continued to withhold documents on grounds of privilege after December 20, the plaintiff moved for preclusion. I granted the motion in an Order dated May 24, 2007 (the "May 24 Order"). The defendants objected, but Judge Kaplan rejected the objections as untimely. (July 18 Order at 1-2). The defendants then sought reconsideration, and Judge Kaplan concluded that they had, in fact, filed their objections on time. (Order dated October 25, 2007 (the "October 25 Order") at 2). However, he also made clear that the defendants had waived any claim of privilege. (October 25 Order at 2). Finally, Judge Kaplan remanded the

2

sanctions application to me to consider the full range of possible sanctions and make explicit findings on such relevant factors as willfulness. (October 25 Order at 2-3). In a Memorandum and Order dated January 7, 2008, I determined that preclusion was too harsh a sanction, but that the defendants must "bear the costs, including attorneys' fees, of the motion practice generated by their noncompliance." (Memorandum and Order dated Jan. 7, 2008 (the "January 7 Order") at 7). I then set a schedule for the parties to brief the amount of fees that the plaintiff should recover in the event the parties were unable to agree on a figure. (January 7 Order at 7).

Apparently, no serious effort was made to reach a consensus on an appropriate award. (Affirmation of Krishnan Chittur dated Feb. 6, 2008 ("Chittur Aff."), ¶ 2). The plaintiff has submitted an application seeking $78,198.50. The defendants oppose recovery of a substantial portion of this amount on the grounds that the application "relies in substantial part on hours and time entries that are unverified, or work and costs that are not compensable under controlling law, or are unrelated to Defendants' failure to produce privileged documents." (Memorandum of Law in Opposition to Plaintiff's Request for Attorneys' Fees ("Def. Memo.") at 2).

<u>Discussion</u>

The application by plaintiff's counsel reflects a fundamental misunderstanding of the January 7 Order. They treat that order as

if it were an invitation to seek fees for any conduct by the defendants during discovery that might have been sanctionable, even if no order granting sanctions has yet been issued. That is not the case. Any fees to be awarded must relate in some way to the December 13 Order that gave rise to the sanctions order in the first place. Unfortunately, it is not always clear which of the time entries submitted by plaintiff's counsel qualify for compensation under this principle. It will therefore be necessary for the plaintiff to submit a revised application that omits non-compensable time and relates each task for which fees are requested to a qualifying category. I will endeavor to provide some guidance.

First, plaintiff's counsel are entitled to compensation for the initial sanctions motion dated November 27, 2006. That motion, as Judge Kaplan noted, was prompted by the defendants' failure to respond at all to the plaintiff's initial discovery requests, and was a predicate for the Court's December 13 Order. However, plaintiff's counsel may not recover for drafting the sanctions motion dated December 8. In that motion, they contended that the defendants' production, which took place after the close of business on that day, was untimely, an argument Judge Kaplan characterized as "simply silly." (December 13 Order at 1). On the other hand, to the extent that the plaintiff's reply papers on that motion challenge the defendants' continuing assertion of objections

4

and their failure to submit a privilege log, work on the reply is compensable because it led directly to the December 13 Order; to the extent the reply concerns other discovery issues such as class discovery, no fees are warranted. Time spent reviewing the documents produced by the defendants in response to the December 1 Order is compensable. So too, of course, is work on the preclusion motion dated December 26, 2006 and related submissions.

None of the activities of plaintiff's counsel from the time the preclusion motion was briefed until I issued the May 24 Order is compensable; those activities involved discovery disputes, but not the dispute that has given rise to sanctions. Once the May 24 Order was issued, efforts to sustain that order are sufficiently related to the defendants' sanctionable conduct to warrant an award of fees. Thus, work on briefs opposing the defendants' objections to the May 24 Order, including opposition to the defendants' motion for reconsideration, is compensable. However, work on the plaintiff's motion for sanctions dated June 19, 2007, which related primarily to class discovery and not to noncompliance with the December 13 Order, is not. Finally, time devoted to remand of the sanctions issue which culminated in the January 7 Order is compensable.

The descriptions of tasks provided in the time records of plaintiff's counsel do not always allow a determination of how much time falls into compensable categories. For example, the time

entry for Mr. Chittur for August 3, 2007 covers work performed in responding to the defendant's motion for reconsideration, which is compensable, and work on the plaintiff's cross-motion for sanctions, which is not. (Time Sheets, attached to Chittur Aff., at 8). Furthermore, some entries do not describe counsel's activities in sufficient detail to allow a determination. For instance, an entry for September 13, 2007 refers to a telephone conference with co-counsel, review of e-mail, and a discussion regarding case law on discovery. (Time Sheets at 10). There is no way to tell whether any of these activities involved subject matter falling into one of the compensable categories.[1]

Plaintiff's counsel shall therefore submit supplemental affidavits that identify time spent on activities which, according to this order, are compensable. They shall describe time entries in sufficient detail to allow a determination whether they relate to compensable activities. Defense counsel shall then have the opportunity to challenge the plaintiff's categorization of any entry. Neither party need provide any additional legal argument. Before presenting any supplemental submissions to the Court,

---

[1] Plaintiff's counsel suggest that it would breach the attorney-client privilege to provide greater detail about discussions between co-counsel. That is not correct. While the content of the advice discussed is certainly privileged, the fact that advice was provided about a particular subject (or discussed among counsel) is not. See Strategic Growth International, Inc. v. RemoteMDX, Inc., No. 06 Civ. 3915, 2007 WL 3341522, at *2 (S.D.N.Y. Nov. 9, 2007) (privilege log must include general description of subject matter of purportedly privileged communication).

6

however, counsel shall participate in a face-to-face conference of no less than three hours in a good faith effort to reach a resolution.

Conclusion

For the reasons discussed, determination of the pending fee application is deferred until counsel submit supplemental affidavits. Plaintiff's counsel shall submit their affidavits by March 28, 2008, and defendants' counsel shall submit a responsive affidavit by April 4, 2008. Prior to such submissions, counsel shall meet and confer as described above in an effort to resolve this issue.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       March 14, 2008

Copies mailed this date:

Krishnan Chittur, Esq.
Chittur & Associates, P.C.
The Lincoln Building
60 East 42nd Street, Suite 1501
New York, New York 10165

Himanshu Rajan Sharma, Esq.
36 Ravenswood Court
Edison, New Jersey 08820

Christina L. Feege, Esq.
Littler Mendelson, P.C.
885 Third Avenue
New York, New York 10022

7