```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
MOHAMMED MUHIBUR RAHMAN,            :
individually and on behalf of all   :
others similarly situated,          :   06 Civ. 6198 (LAK) (JCF)
                                    :
            Plaintiff,              :
                                    :
   - against -                      :   MEMORANDUM
                                    :   AND   ORDER
THE SMITH & WOLLENSKY RESTAURANT    :
GROUP, INC., SMITH & WOLLENSKY      :
OPERATING CORP., and PARK AVENUE    :
CAFÉ,                               :
                                    :
            Defendants.             :
- - - - - - - - - - - - - - - - - -:
```
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

The plaintiff in this employment discrimination action previously obtained an award of attorneys' fees based on the defendants' failure to comply with a court order concerning discovery. Rahman v. Smith & Wollensky Restaurant Group, Inc., No. 06 Civ. 6198, 2008 WL 110902 (S.D.N.Y. Jan. 7, 2008) (determining liability); Rahman v. Smith & Wollensky Restaurant Group, Inc., No. 06 Civ. 6198, 2008 WL 1899938 (S.D.N.Y. April 29, 2008) (fixing amount of fee award). Unfortunately, plaintiff's counsel apparently took this as a signal that every discovery dispute should be the subject of a sanctions motion. The plaintiff has now moved for an order deeming as admitted his three sets of Requests for Admission and striking the defendants pleadings or, in the alternative, precluding the defendants from contesting liability with respect both to the individual plaintiff and to the putative

1

class. The defendants have opposed the motion and cross-moved for an award of costs and attorneys' fees pursuant to Rule 37 of the Federal Rules of Civil Procedure. With a few exceptions, the plaintiff's charges of discovery abuse are unjustified. Accordingly, his motion is granted only in certain narrow respects, and the defendants' cross-motion is granted in part.

A. <u>Requests to Admit</u>

Plaintiff's counsel propounded three sets of Requests for Admissions, containing a total of 69 separate demands. (Affirmation of Krishnan Chittur dated June 19, 2008 ("Chittur 6/19/08 Aff."), attachments). Some requests, in conclusory fashion, called for the defendants to admit liability. For example, one asked the defendants to acknowledge that "[t]here was a climate of hostility towards the national origin of employees from South Asia (from India, Bangladesh, Pakistan, Sri Lanka and Nepal) during the period of [the plaintiff's] employment." (Plaintiff's First Set of Requests for Admissions ("First Request"), attached to Chittur 6/19/08 Aff., Request No. 27). The defendants' denial of such sweeping demands for admission was completely appropriate. "The purpose of Rule 36(a) is to narrow the issues for trial to those which are genuinely contested. Where, as here, issues in dispute are requested to be admitted, a denial is a perfectly reasonable response." <u>United Coal Cos. v. Powell Construction Co.</u>, 839 F.2d 958, 967 (3d Cir. 1988)(citations

2

omitted).

In other instances, plaintiff's counsel made more specific requests, and the defendants provided qualified responses. For instance, plaintiff's counsel asked for an admission that "[d]efendants have a common policy regarding discrimination and harassment that is applied to all of the restaurants owned or otherwise affiliated with Defendants in the United States." (First Request, Request No. 50). After objecting on the basis of vagueness, the defendants stated, "To the extent this seeks confirmation that Defendants' [sic] share common equal employment policies governing the prevention and detection of workplace discrimination and harassment, this request is admitted, with the caveat that the Defendants' restaurants that are subject to collective bargaining agreements may have policies with unique language approved by the employees' union representatives." (Defendants' Responses to Plaintiff's Requests for Admission ("First Response"), attached to Chittur 6/16/08 Aff., Response No. 50). Such answers are entirely appropriate "when the answer cannot be a succinct yes or no, and a qualification of the response is indeed necessary. Under these circumstances, the answering party is obligated to specify so much of its answer as true and qualify or deny the remainder of the request." Henry v. Champlain Enteprises, Inc., 212 F.R.D. 73, 77 (N.D.N.Y. 2003). The defendants' responses were thus entirely appropriate.

Plaintiff's counsel nevertheless complain that the defendants failed to conduct the investigation necessary to admit, for example, that "[t]here are more than forty non-white employees who have been employed at the Park Avenue Café in the four (4) years preceding the filing of the complaint in the case at bar." (First Request, Request No. 7; Chittur 6/19/08 Aff., ¶ 19). But, in fact, after noting that they did not keep track of the race of employees, some of whom no longer work at the restaurant, the defendants nevertheless did admit, "upon information and belief, that Park Avenue Cafe has employed forty or more non-white individuals in a variety of capacities, over the course of the past four years." (First Response, Response No. 7).

Plaintiff's counsel also contended at the outset that the defendants' responses to the Second and Third Sets of Requests for Admissions were untimely. (Chittur 6/19/08 Aff., ¶¶ 14, 21). Defendants' counsel pointed out that the rules provide an additional three days to answer because the requests were not served by hand, and plaintiffs' counsel have apparently abandoned their timeliness argument.

The plaintiff's only potentially legitimate objection stems from the defendants' inclusion of the following language in the preamble to their responses: "The fact that Defendants have responded or objected to any request or part thereof should not be construed as an admission that Defendants accept or admit the

existence of any fact stated in or assumed by any of Plaintiff's requests, or that any response or objection constitutes admissible evidence." Of course, the defendants cannot, with such a caveat, undermine the legal effect of admissions made pursuant to Rule 36. But it was hardly necessary for plaintiff's counsel to make a hyperbolic sanctions motion to confirm that principle. Accordingly, the plaintiff is entitled to no relief with respect to the Requests for Admissions.

  B. <u>Document Requests</u>

The plaintiff also contends that discovery that was the subject of prior court orders has never been produced. In particular, plaintiff's counsel argue that they have yet to receive:

> (1) complete table assignments from PAC (Park Avenue Café) from 2002 to the present; (2) documents concerning the corporate relationship between Defendants and Smith & Wollensky Operating Corp. ("SWOC"); (3) payroll and tip information for all PAC waiters from 2002 to the present; (4) the names on [sic] non-managerial personnel employed by PAC from 2007 to present; gratuity policies, menus, and reservation policies for the Townhouse, Kitchen Table and Flag Room at PAC; (6) documents concerning policies, practices and procedures for handling complaints of discrimination and [sic] PAC; (7) a stipulation regarding Defendants' status as a "single employer" for purposes of Title VII, with the exception of SWOC; and (8) the scheduling of a Rule 30(b)(6) deposition to go forward after the foregoing discovery has been provided.

(Chittur 6/19/08 Aff., ¶ 7).

Documents relating to table assignments have been produced. (Declaration of Christina Feege dated June 26, 2008 ("Feege 6/26/08

5

Decl."), ¶ 13 & Exh. C). Although plaintiffs' counsel complain that there are "gaps" in the production, the defendants have adequately explained that they only retained such documents haphazardly since they had no legal obligation to do so.

The defendants have been less forthcoming with respect to documenting their corporate interrelationships. Earlier, I suggested that a stipulation regarding the defendants' status as a single employer might obviate the need for additional discovery on this issue, but I did not, of course, "order" the defendants to enter into any such agreement. I did, however, direct them to produce all documents reflecting their "corporate structure." Rahman v. Smith & Wollensky Restaurant Group, Inc., No. 06 Civ. 6198, 2007 WL 1521117, at *6 (S.D.N.Y. May 24, 2007). Rather than comply, the defendants submitted to the plaintiff an declaration purportedly summarizing the relationship among the corporate entities. (Declaration of Samuel Goldfinger, attached as Exh. D. to Feege 6/26/08 Decl.). However, plaintiff's counsel voiced no complaint about this until almost a year later. Under these circumstances, no sanctions are appropriate, but, within two weeks, the defendants shall produce documentation sufficient to support each of the affirmative representations in the declaration.

As with the table assignment information, documents relating to payroll and tip data for the period through 2005 were previously produced. (Feege 6/26/08 Decl., ¶ 13 & Exh. C). There was no

6

order to produce such information for any period following the plaintiff's termination.  However, because I have now determined that it is no longer expedient to bifurcate individual and class discovery (Order dated Aug. 13, 2008), and because the requested information is relevant to the class claims, the defendants shall produce it within two weeks.  No sanctions are warranted.

The defendants also identified non-managerial employees for the period through 2006.  They have declined the plaintiff's demand for similar information up to the present on the ground that in a conference on September 10, 2007, I commented that production of information through 2006 was sufficient.  But the order that I issued following that conference required the defendants to produce "a list of all non-managerial employees together with their job classifications for each of the constituent restaurants" "[f]or the period from 2002 to date."  (Order dated September 11, 2007, ¶ 4). The defendants were not entitled to ignore that explicit direction based on their recollection of what was said at the conference. While they could have sought clarification or reconsideration, they did not.  They shall therefore produce the updated information within two weeks.  Again, the plaintiff's delay in raising this issue militates against the imposition of any sanctions.

In response to the plaintiff's demand for gratuity and reservation policies, the defendants represented that they maintain no written policies concerning these subjects.  (Feege 6/26/08

Decl., ¶ 13). There is no basis for disbelieving this representation. Plaintiff's counsel never made a formal discovery request for menus and never responded to the request of defense counsel for an explanation of their relevance.

Finally, the defendants produced the requested documents reflecting policies for handling discrimination complaints. (Feege 6/26/08 Decl., ¶ 13 & Exhs. F, H).

### C. The Defendants' Cross-Motion

Where a motion for an order compelling discovery is granted in part and denied in part, the court may "after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P 37(a)(5)(C). In this case, the plaintiff's motion was in large part unfounded, as discussed above. Therefore, the defendants are entitled to an award of a portion of the costs, including attorneys' fees, that they have incurred in connection with the motion. The parties shall attempt to agree on the appropriate amount of an award, failing which the defendants shall submit their application by September 5, 2008.

### Conclusion

The defendants shall produce documentation of their corporate structure and updated payroll, tip, and personnel information as set forth above. In all other respects, the plaintiff's motion is denied. The defendants' cross-motion is granted to the extent that they shall be entitled to a partial award of costs, including.

attorneys' fees, incurred in connection with the plaintiff's motion.

SO ORDERED.

*/s/ James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
August 14, 2008

Copies mailed this date:

Krishnan Chittur, Esq.
Chittur & Associates, P.C.
The Lincoln Building
60 East 42nd Street, Suite 1501
New York, New York 10165

Himanshu Rajan Sharma, Esq.
36 Ravenswood Court
Edison, New Jersey 08820

Gregory Reilly, Esq.
Elena Paraskevas-Thadani, Esq.
Littler Mendelson, P.C.
885 Third Avenue
New York, New York 10022