UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MOHAMMED MUHIBUR RAHMAN,

                            Plaintiff,

              -against-                                                    06 Civ. 6198 (LAK)

THE SMITH & WOLLENSKY RESTAURANT
GROUP, INC., et al.,

                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Each side in this bitter employment discrimination case has been guilty of discovery abuse at one time or another. Each side has sought and obtained sanctions against the other. Plaintiff struck first, obtaining an award of over $44,000 in attorney's fees against defendants in consequence of the defendants' defiance of a discovery order. DI 103. As these things tend to go, defendants struck back. In August 2008, Magistrate Judge Francis ruled that defendants were entitled to a partial award of attorney's fees and costs, later fixed at more than $80,230.44, as a result of plaintiff having filed a partially baseless discovery motion. DI 117, 146. This Court upheld the latter rulings. DI 132, 195. The matter now is before the Court on (1) defendants' motion for the entry of judgment against plaintiff's counsel in the amount of $80,230.44 and a writ of execution, and (2) plaintiff's cross-motion to vacate the $80,230.44 award or, alternatively, to certify the propriety of that award for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

*Plaintiff's Cross Motion*

        The logical starting point is plaintiff's cross-motion, as the vacatur of the award would moot defendants' motion.

        Plaintiff contends that the award should be vacated on the ground of a supposed intervening change in law. He argues that subsequent Second Circuit decisions demonstrate that Judge Francis should have applied a four-part test before imposing the award, a test that would involve consideration of the "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether

the non-compliant party had been warned of the consequences of . . . noncompliance." He asserts that the applicability of this test to the award of fees on an unsuccessful discovery motion first was made clear in *Charette v. Department of Social Services,* 2009 WL 1475469 (2d Cir. May 28, 2009). The argument is without merit.

As an initial matter, the four-pronged test to which plaintiff refers sets out factors that the Court of Appeals "may [find] useful *in evaluating a district court's exercise of discretion to dismiss an action under Rule 37.*" *Agiwal v. Mid Island Mortgage Co.,* 555 F.3d 298, 302 (2d Cir. 2009) (emphasis added). But the issue before this Court when the award of a portion of the motion expenses was made against plaintiff's counsel was not whether to dismiss the case – it was whether the expense of defending against the baseless portion of counsel's motion should have been shifted to him. Indeed, the factors themselves speak to "non-compliance" and thus by their literal terms have no application to the kind of conduct in question. Moreover, the Advisory Committee Notes to Rule 37 make plain that the standard for cost-shifting with respect to discovery motion practice is quite different from that which the Second Circuit has applied to the issue of dismissal as a discovery sanction. Advisory Committee Note to 1970 Amendment, reprinted at & MOORE'S FEDERAL PRACTICE § 37 App.03[2], at 37App.-8 to 37App.-9 (3d ed. 2009). Indeed, the Rules presumptively make expense-shifting the appropriate response to unjustified discovery motion practice, and an order shifting expenses in these circumstances is reviewable only for abuse of discretion. *Id*. §§ 37.23[1], 37.23[10].

The suggestion that the *Charette* case somehow changed this is baseless. *Charette* quite obviously applied the four-pronged test upon which plaintiff now relies to the review of so much of the order appealed from in that case as dismissed the action as a discovery sanction. While it is true that the panel vacated also a modest award of counsel fees, it is not clear whether those fees were awarded under Rule 37(a)(5) and, in any case, the Court did not explain its reasoning for that aspect of its ruling. Moreover, *Charette* was decided by summary order and therefore has no precedential effect. 2d Cir. R. 32.1. The attempt by plaintiff's counsel to suggest otherwise, and to portray *Charette* as requiring the application of the *Agiwal* factors in determining whether to shift the expense of unjustified discovery motion practice, thus is perhaps sanctionable in and of itself.

Plaintiff's request for certification under Section 1292(b) also is without merit. The Court sees no controlling question of law as to which there is reasonable ground for difference of opinion. It is entirely persuaded that an interlocutory appeal would materially retard rather than expedite the ultimate conclusion of this already far too protracted litigation. Moreover, plaintiff's counsel has not even addressed the question whether the judgment that defendants seek to have entered would be interlocutory in nature.

*Defendants' Motion*

Having rejected plaintiff's contention that the award should be vacated on the merits, there are only two remaining objections to the relief sought by the defendants. Plaintiff argues first that the award in substance is one of costs and, in consequence, that S.D.N.Y. Civ. R. 54.1 prohibits the taxation of costs until the entry of final judgment. In any case, he argues, enforcement of any

judgment against plaintiff's counsel should be stayed because enforcement would be ruinous to plaintiff's counsel and affect adversely his ability to pursue the case. These arguments are unpersuasive.

*"Costs"*

The $80,230.44 award was made pursuant to Fed. R. Civ. P. 37(a)(5)(C), which permits a court that grants in part and denies in part a discovery motion, "after giving an opportunity to be heard, [to] apportion the reasonable expenses for the motion."[1] In the course of making the award, Judge Francis observed, quite correctly, that "the defendants are entitled to an award of a portion of the costs, including attorneys' fees, that they have incurred in connection with the motion." DI 117, at 8. Plaintiff seizes on the use of the word "costs" to argue that the award was one of "costs" within the meaning of S.D.N.Y. Civ. R. 54.1. But he is quite mistaken.

Local Rule 54.1 deals with the taxation of costs by a prevailing party via a bill of costs. It thus relates to the taxation of costs pursuant to 28 U.S.C. § 1920, which permits a prevailing party to tax certain court and other fees and expenses and to have the bill of costs, to the extent allowed, included in the judgment. It has nothing at all to do with an award of the expenses incurred in resisting a baseless discovery motion, which is what we are dealing with here.

*Stay*

In seeking a stay of execution, plaintiff's counsel is certainly not in an appealing position. He avidly has pursued and, in one case, obtained monetary sanctions against defendants for discovery behavior. He has been warned about his own abuse of the discovery process. And yet he now says that he should not be called upon to pay the piper, as it were, because it would be ruinous to him and prejudice his client.

The Court's discretion is sufficiently broad to consider the alleged adverse effects on plaintiff's counsel and plaintiff himself. *See* 7 MOORE'S FEDERAL PRACTICE § 37.23[3]. But there are strong reasons to deny any stay of enforcement here. As the Court wrote in another case in which a sanctioned attorney sought a stay of enforcement until the final determination of the action:

"The sanctions were imposed as a result of a particular manifestation of [counsel's]

---

[1] Rule 37(a)(5)(C) effectively incorporates the substantive standards of Rule 37(a)(5)(A) and (B), viz. that expenses of a discovery motion may be imposed upon a party ordered to produce discovery where that party's "conduct necessitated the motion" and on a party who makes an unsuccessful discovery motion unless "the motion was substantially justified or other circumstances make an award of expenses unjust. "Thus, Judge Francis's imposition of the award against plaintiff's counsel reflected his determination, upheld by this Court, that the actions of plaintiff's counsel, to the extent his discovery motion was unsuccessful, were not substantially justified.

3

> scorched earth tactics in this action, which needlessly and unreasonably have multiplied the costs to his adversaries and the demands on the Court. While there has been no subsequent sanctions application, and the Court intimates no view as to whether there has been any subsequent sanctionable conduct, the fact remains that [counsel] has continued to litigate this case in a needlessly contentious and burdensome manner. A stay of the sanctions order pending final resolution of the case, in these circumstances, would send entirely the wrong message, viz. that there will be no effective sanction on further misconduct by [counsel] before the case is finally resolved, thus leaving him with the hope that the matter might be settled on terms that would relieve him of the obligation to pay anything, no matter how egregious his conduct. The effective management of this case demands that no such message be sent." *Auscape v. National Geographic Society,* No. 02 Civ. 6441(LAK), 2003 WL 22508509 (S.D.N.Y. Nov. 5, 2003).

These words are quite appropriate as applied to plaintiff's counsel in this case, whose behavior has been exceptionally unsatisfactory. Moreover, it ill behooves plaintiff's counsel to complaint of the impact of the immediate payment of a sanction so appropriately imposed upon him after pursuing and obtaining an award of sanctions of more than $40,000 against the defendants. Nevertheless, immediate enforcement of the full amount of the award by Judge Francis perhaps would go farther than is necessary to make clear to plaintiff's counsel that his scorched earth tactics must end now.

*Conclusion*

For the foregoing reasons, defendants' motion [DI 198] is granted to the extent that defendants shall have judgment against Krishnan Shankar Chittur, Esq.,[2] and Chittur & Associates, P.C., in the amount of $80,230.44. Plaintiff's cross motion [DI 202] is granted to the extent that enforcement of so much of the judgment as exceeds $60,000 is stayed pending the earlier of (1) the entry of final judgment, and (2) further order of the Court. The cross-motion is denied in all other respects.

SO ORDERED.

Dated:      July 20, 2009

---

[2] The Court does not understand defendants to be seeking judgment against Mr. Chittur's associate or his co-counsel.

4

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)